**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | No. MC 07-0001-PHX-MHM |
|                    Petitioner,   ) | **ORDER** |
| vs.                              ) | |
| John J. Kulak,                   ) | |
|                    Respondent.   ) | |

    This case is before the Court based on the government's Petition to Enforce an Internal Revenue Service ("IRS") Summons issued to Respondent John Kulak. The government requested an Order to Show Cause Hearing, which the Court previously granted. The Show Cause Hearing was held on March 28, 2007. Also pending before the Court is Respondent's Motion to Dismiss (Doc. 4). In his Motion to Dismiss, Respondent requests that the Court dismiss the government's Petition to Enforce the Internal Revenue Service ("IRS") Summons (Doc. 1), claiming that he has complied in full with the IRS summons. The government has filed a Response (Doc. 5) and Respondent has filed a Reply (Doc. 7). The Court considers all the papers submitted and the testimony at the Show Cause Hearing, and issues the following Order.

1 The Supreme Court has enunciated a four-part test that the government must prove in order to show that the IRS summons has been issued in good faith. <u>United States v. Powell</u>, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). <u>See</u> <u>Ponsford v. United States</u>, 771 F.2d 1305, 1308 (9th Cir. 1985); <u>United States v. Samuels, Kramer and Co.</u>, 712 F.2d 1342, 1344-45 (9th Cir. 1983). Under the Powell test the government must show that: (1) the investigation is conducted for a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Code have been followed. Powell, 379 U.S. at 57-58, 85 S.Ct. at 254-255, 13 L.Ed. 2d 112 (1964).

The IRS has met all four prongs of the Powell test by the information it provided in Mr. Chase's affidavit. Thus, the Court denies Respondent's Motion to Dismiss the government's Petition to Enforce Internal Revenue Service Summons. Once the government establishes a *prima facie* case to enforce a summons, the burden then shifts to the Respondent to show that his claim to the Fifth Amendment is warranted. In response to IRS questions, Respondent has claimed the Fifth Amendment to each substantive inquiry into Respondent's income for the 2004 and 2005 tax years.

The Fifth Amendment privilege against self-incrimination "protects a person . . . against being incriminated by his own compelled testimonial communications." <u>Fisher v. United States</u>, 425 U.S. 391, 409, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976). It "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." <u>Kastigar v. United States</u>, 406 U.S. 441, 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). Accordingly, a taxpayer may invoke this privilege in response to requests for information in an IRS investigation. <u>United States v. Argomaniz</u>, 925 F.2d 1349 (11th Cir. 1991).

The general standard for a valid assertion of the Fifth Amendment privilege against self-incrimination is well established. In order to assert the privilege properly, "respondents must show that [his] testimony would 'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute the claimant for a federal

- 2 -

1 crime.'" United States v. Rendahl, 746 F.2d 553, 555 (9th Cir. 1984) (quoting Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)). That said, it is enough if the responses would "merely 'provide a lead or clue' to evidence having a tendency to incriminate." United States v. Neff, 615 F.2d 1235, 1239 (9th Cir. 1980) (quoting Hashagen v. United States, 283 F.2d 345, 348 (9th Cir. 1960)), cert. denied, 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). The privilege is validly invoked "only where there are 'substantial hazards of self-incrimination' that are 'real and appreciable,' not merely 'imaginary and unsubstantial.'" Rendahl, 746 F.2d at 555 (quoting Neff, 615 F.2d at 1239). However, "[t]he fifth amendment privilege cannot be used as a method of evading payment of lawful taxes." Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982).

After reviewing the documents submitted, including the transcript of the September 13, 2006 IRS interview of Respondent, the Court finds that, to date, Respondent has not provided sufficient evidence to show that the testimony and documents the IRS seeks from him would have a tendency to incriminate him. On the other hand, Respondent asserts in his Reply that he is willing to submit to an *in camera* review for the Court to determine if a real and appreciable hazard of self-incrimination exists, thereby warranting Fifth Amendment protection. The Court refers this case to a randomly drawn magistrate judge – Magistrate Judge Edward C. Voss – to make such a determination.

**Accordingly,**

**IT IS ORDERED** that Respondent's Motion to Dismiss (Doc. 4) is denied.

**IT IS FURTHER ORDERED** that the government's Petition to Enforce the IRS Summons is Referred to Magistrate Judge Voss for *in camera* review of testimony and documents to determine whether Respondent has a valid Fifth Amendment claim and to prepare a Report and Recommendation for this Court.

DATED this 28th day of March, 2007.

_____
Mary H. Murguia
United States District Judge